BRYANT v. JONES et al.

1. After a full hearing and investigation on an application for temporary injunction, and after the judge has announced his purpose to deny the injunction, the plaintiff still has the right to dismiss his bill, but it is discretionary with the judge whether he will reduce his judgment to writing and make it a part of the case or not.
2. On the facts in evidence, there was no abuse of discretion in refusing the injunction prayed for. 　　　*Judgment affirmed.*

July 8, 1891. By two Justices.

Injunction. Practice. Before Judge FORT. Sumter county. At chambers, May 16, 1891.

Hallie Bryant by her petition alleged, in brief: In November, 1889, she married Jerry Bryant, who at the time owned a certain lot (describing it). After the marriage it was agreed that she should turn over to him all the products of her labor and by their united efforts they should erect upon the lot a dwelling, which

dwelling and lot should be jointly owned by them. She has faithfully discharged her part of the contract and has turned over to him $64.50 for the erection of the house. In accordance with the agreement he contracted with Wheatley & Company to erect the house for $160, and they did erect it, in consideration of which she and her husband have paid Wheatley & Company about $160, of which sum she furnished the $64.50. Of late her husband has treated her so cruelly and brutally that on March 24, 1891, she sued out a peace warrant against him, and he was placed under bond signed by Henry Jones as security. On the day following the suing out of the warrant, her husband and Jones conspired to defraud her out of her interest in the house and lot, and to carry out their plan her husband sold the house and lot to Jones, who knew that she had an interest in the same, the consideration of the sale being $165, much less than the value of the property. Jones paid Wheatley & Company the balance due them for building the house, and her husband only received what was left of the $165; all of these transactions being carried on secretly and unknown to her, both of the parties assuring her that they were not engaged in any such purpose or acts. Immediately on receipt of the money her husband absconded and is now in parts unknown, and soon after his departure Jones sued out a warrant against her as a tenant holding over, and the warrant was served upon her. By reason of the facts set forth she is not a tenant, and the warrant is illegally and unjustly proceeding against her, but the only legal defence pointed out in such proceeding is a counter-affidavit with bond and security, which bond and security she is unable on account of her poverty to furnish. She owns no other property, and it would be a great hardship and injustice to her to be turned out of the house in which she owns such a considerable interest, with-

out due compensation being made to her. She prayed that the constable and Jones be enjoined ; that a decree be granted affirming her title to a half-interest in the property, etc.

Jones answered, admitting purchasing the house and lot, but denying any conspiracy to defraud Hallie Bryant of her interest. He bought the property in good faith without any knowledge that she had any interest in it, and the trade was not carried on secretly, but after he had investigated the title of Jerry; and he made the trade openly and in good faith, fully believing that Jerry had the title. Jerry owed Wheatley & Company under a contract made before Jerry's marriage, and he had transferred the deed to the lot to them, the contract being for the building of the house. When respondent made the purchase, there was due Wheatley & Company $75.80, which respondent paid with the consent of Jerry, paying Jerry the balance of the purchase money and taking a deed from him to the property. After this was done petitioner admitted the possession of the property to be in respondent and agreed to vacate it, agreeing with Jerry to rent her a house, and Jerry gave her the money at her request for that purpose, she admitting that the title was in Jerry. Jerry has not absconded but is now in Americus, which fact was known to petitioner. Respondent knows nothing of her treatment by her husband, and did not know she was Jerry's wife until after he (respondent) bought the property.

On the hearing for temporary injunction, evidence was submitted by the petitioner tending to sustain the allegations of her petition, with the following exceptions : The warrant sued out by Jones was not against petitioner as a tenant holding over, though it may have been so intended. The house was contracted to be built before petitioner married, but was not built nor

paid for. Previous to the sale by Bryant to Jones and in order to settle a case she had made against Bryant, she did agree that, if Bryant would rent her another house and supply her with certain needed articles, she would dismiss the warrant and live in another house separately from him; and he gave her the money, but immediately borrowed back a portion of it which he has never refunded. She never made an agreement to give up her interest in the premises in dispute. It is not true that Jones did not know she was married to Bryant at the time Jones purchased. Jones represented to her all the time he was engaged in the trade with Bryant, that he (Jones) was simply taking up the papers against the lot to secure himself for having signed Bryant's bond, and he and Bryant both denied that any sale was contemplated between them. Before the sale she and her husband had paid Wheatley & Company about $110, of which she contributed $64.50. When she was informed that Jones was really contemplating the purchase, she asked him if he was trying to buy the house and lot, and he denied that he had any idea of making the purchase, and thereupon she informed him that she had paid money towards building the house and owned an interest in the premises.

Evidence was submitted for respondent tending to sustain his answer, and to show that petitioner never contributed anything towards paying for the house; that the contract with Wheatley & Company was made before the marriage; that petitioner's husband did not treat her cruelly, but she proposed to him to rent her a home and furnish her with provisions, and he gave her the money to rent the home and the provisions she asked for; that she never before the sale claimed any interest in the property, but agreed to give Jones the possession, agreeing to rent another house and Jones agreeing to furnish her a dray to move her things, which he did;

that Bryant moved into the house about the time of his marriage, etc.

After the hearing the case was fully argued on May 2d, and decision held up by the court until May 16, 1891, when the injunction was denied. After the argument and on May 14th, the court having indicated what the decision would be, counsel for petitioner asked to be allowed to dismiss and withdraw the petition. This the court refused to grant without the consent of defendants, because he had intimated that he would refuse the injunction. The petitioner excepted.

CLARKE & HOOPER, for plaintiff.

No appearance for defendant.